UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GIANNINI,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-00581-TLN-KJN<br><br>**ORDER** |

　　　　This matter is before the Court pursuant to Matthew Becker's ("Becker") unopposed Motion for Leave to Withdraw as Counsel for Plaintiff Eric Giannini ("Plaintiff").  (ECF No. 27.) For the reasons set forth below, the Court GRANTS the motion.

　　　　Plaintiff engaged Becker to represent him in the instant civil rights action.  (*See* ECF Nos. 1, 5, 16.)  Becker states that Plaintiff has indicated a desire to terminate his services as the attorney in this case.  (ECF No. 27 at 2.)  Becker notes there have been previous attempts to repair the attorney-client relationship, but at this point he and Plaintiff believe there is no point in further efforts at repair — in his opinion, the attorney-client relationship is completely broken down and cannot be mended.  (*Id.* at 2–3.)  Becker states the relationship is so bad that Plaintiff recently informed him to communicate exclusively by email and that he has blocked Becker's phone number.  (*Id.* at 3.)  Becker attests in his declaration that there are also reasons for permissive withdrawal not stated in the motion because the disclosure of such would breach

1

confidentiality and/or attorney-client privilege.  (ECF No. 27-1 at 2–3.)

Pursuant to the Eastern District of California's Local Rules, an attorney who has appeared before the Court may not withdraw and leave the client *in propria persona* "without leave of court upon noticed motion and notice to client and all other parties who have appeared." E.D. Cal. L.R. 182(d).  The attorney must also provide an affidavit with the current or last known address of the client and his or her efforts to notify the client of the motion to withdraw.  *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct.  *Id.*

The California Rules of Professional Conduct govern and set the requirements for withdrawal of attorneys.  Rule 3-700(A) provides that an attorney shall not withdraw from employment in a proceeding unless (1) he or she requests permission from the tribunal to withdraw and (2) he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. R. Prof. Conduct 3-700(A).  Attorneys cannot request a withdrawal unless the client "by other conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C).

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Here, Becker attaches to the instant motion a declaration and a substitution of attorney form with contact information for Plaintiff, who, according to Becker, wishes to represent himself.  (*See* ECF No. 27-1 at 2; ECF No. 27-2.)  Although the declaration itself does not provide Plaintiff's current or last known address of Plaintiff, the Court is satisfied that the

2

1  substitution of attorney form contains Plaintiff's current address.  (ECF No. 27-2.)  The Court

2  also notes that Becker stated in his declaration that Plaintiff has blocked his number, but shortly

3  prior to that "indicated a desire to have [Becker] serve him a copy of this motion via email with a

4  willingness to confirm receipt of such using the Zoom program."  (ECF No. 27-1 at 2.)  Further,

5  as previously mentioned, Becker moves to withdraw due to a breakdown in the attorney-client

6  relationship, which is grounds for withdrawal pursuant to Cal. R. Prof. Conduct 3-700(C), but

7  does not provide more details due to attorney-client privilege.  (ECF No. 27 at 2.)  With respect to

8  all of the foregoing, the Court has no reason to disbelieve counsel's assertions.

9        Becker states that in an effort not to prejudice Plaintiff during exit, he makes the following

10  statement under penalty of perjury:

11  
12  
13  
14  
15  
16  
17  
18  
> that none of the reasons I could assert for permissive withdrawal include the presentation of fraud or the commission of a crime or the filing or insisting of filing of claims or positions or assertions in violation of the commandments of [Federal Rule of Civil Procedure] 11.  I sincerely believe in the justness of [Plaintiff's] cause in this case and I sincerely believe that the claims presented in this lawsuit are meritorious and that he deserves compensation for the violation of rights that are established in statutes (State and Federal), constitutions (State and Federal), and prior court precedents form the California Courts of Appeals, the 9th Circuit Court of Appeals, and the United States Supreme Court that are sufficiently on point as to deprive any potential claims of qualified immunity or other such nonsense defenses that contravene the 1st Amendment's guarantee of the right to petition for redress of grievances.

19  (ECF No. 27-1 at 3.)  Finally, the Court notes that it is unlikely that Plaintiff or other litigants will

20  be prejudiced by withdrawal or that there will be harm to the administration of justice because

21  this matter is in its preliminary stages of litigation.  Based on the foregoing, and the fact that the

22  motion is unopposed, the Court finds that there is minimal "prejudice to the client, prejudice to

23  other litigants, harm to the administration of justice, and possible delay."  *See, e.g.*, *Deal*, 2010

24  WL 3702459, at *2; *CE Res., Inc.*, 2009 WL 3367489, at *2; *Beard*, 2008 WL 410694, at *2.

25        Accordingly, the Court hereby GRANTS Becker's Motion to Withdraw, leaving Plaintiff

26  *in propria persona*.  (ECF No. 27.)  This case is hereby REFERRED to the assigned Magistrate

27  Judge, Kendall J. Newman, for all purposes, exclusive of the pretrial conference and trial.  *See*

28  E.D. Cal. L.R. 302(c)(21).  The Clerk of the Court is directed to serve Plaintiff with a copy of this

1 | Order at 4617 Robertson Avenue, Sacramento, California 95821.

2 |     IT IS SO ORDERED.

3 | DATED: May 25, 2022

 

                         Troy L. Nunley
                         United States District Judge