UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GIANNINI,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, ET AL.,<br><br>    Defendant | No. 2:21–cv–00581–KJN<br><br>ORDER |

Presently pending before this court is defendant's motion to dismiss plaintiff's second amended complaint (SAC). (ECF No. 19.)

The crux of the SAC concerns the alleged removal of plaintiff Eric Giannini's children from his house without a warrant, or a valid basis for an exception to the warrant requirement, by defendant Sacramento Department of Child, Family, and Adult Services ("DCFAS"). (ECF No. 16 at 6.) The SAC asserts twenty-two claims against the following defendants: County of Sacramento, Ivory Jones, Halley Hallaran, Donna Furtado, Tara Zielenski, Franca Umeh, Ballay Kamara, Staci Moreno, Richard Hamilton, Michael Pietrek, and Shawn Allgeier. (Id. at 1.)

////
////
////

As set forth below, the court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend.[1]

I. Legal Standards

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Under Rule 8(a), a pleading must be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief" and clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).[2] Each allegation must be simple, concise, and direct. Id. Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id. at 1179. Dismissal for failure to comply with Rule 8 "does not depend on whether the complaint is wholly without merit." Id. The practice of "incorporat[ing] each preceding paragraph, regardless of relevancy [has] been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

II. Analysis

Defendant moves to dismiss plaintiff's second amended complaint (SAC) because plaintiff fails to comply with Rule 8. The court agrees with defendant that the SAC violates Rule 8. The complaint is therefore dismissed in its entirety and plaintiff is granted further leave to amend. In an effort to move this case forward given the long pendency of this motion to dismiss, the court informs plaintiff of other apparent deficiencies contained in plaintiff's complaint.

---

[1] Plaintiff filed an opposition and defendant filed a reply. (ECF Nos. 21, 22.) This motion was taken under submission in accordance with Local Rule 230(g).

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

A. The SAC violates Rule 8

A complaint must give defendant fair notice of what the ... claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555. To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry, 84 F.3d at 1178. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. Id.

Here, the SAC does not come close to giving defendants fair notice of the claims and their grounds. The "facts" section is rambling and rife with statements that are conclusory, such as "[d]efendants Pietrek and Hamilton had no reason to believe there was any imminent danger of physical injury or harm to the children," (ECF No. 16 at ¶ 113,) and speculative such as "Jones did not restrain Plaintiff because Plaintiff did not present so immediate a threat of great bodily harm or physical injury to justify immediate warrantless detention to save the children." (Id. at ¶ 103.) The result is an operative complaint that is disorganized, confusing, and lacks fact-based allegations.

Further, many of the paragraphs contain irrelevant and unnecessary information, such as

> Frequently the mother, who knows that firearms are a legally and emotionally sensitive issue in California, sought to exploit Plaintiff's legal ownership of firearms to earn the ire of the SSD for the purpose of potentially gaining an upper hand in litigation on family law.

(Id. at ¶ 49.) Or,

> At the Salvation Army, Plaintiff met the secretary where he saw fliers for free preschool, which Plaintiff interpreted as free daycare or parental relief, for children matching the age of his children. Excited, Plaintiff brought one of the slips out to Plaintiff's wife. Plaintiff went to the back of the Salvation Army where he met a lady by the name of Terry, who helped him complete the required forms for relief.

(Id. at ¶ 97.) It is unclear to the court how allegations such as these put defendants on notice of the civil rights claims alleged. In addition, plaintiff's interchangeable use of "mother" and "wife" throughout the pleading is confusing, e.g., id. at ¶¶ 49 and 97, especially given the sheer number

of persons involved in this action.

Plaintiff's use of shotgun pleading is also improper.  Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim.  Hughey v. Camacho, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014).  Here, plaintiff does both.

For instance, the first cause of action alleges due process violations against defendants Jones, Hallaran, Furtado, Zielenski, Umeh, Kamara, Moreno, Hamilton, Pietrek, and Allgeier. Instead of stating what conduct each of these defendants engaged in, the complaint states glibly "defendants listed in this cause of action did take Plaintiff's children and remove them." (ECF No. 16 at ¶ 191).  It remains entirely unclear what role, if any, the named defendants played in the removal of plaintiff's children.

Similarly, the fourth cause of action alleges unreasonable force against defendants Pietrek and Hamilton but fails to connect either defendant with specific conduct.  (Id. at ¶¶ 219-221.)  In lieu of any factual assertions regarding defendants Pietrek and Hamilton, the complaint contains conclusory and argumentative assertions.  (Id. at ¶ 219, "[t]he assertion of a Constitutional right and asking a question do not create a circumstance where violence is appropriate or necessary or reasonable";) (id. at ¶ 220, "defendants acted with reckless disregard for or outright malicious intent towards Plaintiff and his rights protected and secured under 42 U.S.C. § 1983".)

Plaintiff also commits the second type of shotgun pleading, i.e., pleads multiple claims and does not identify which specific facts are allocated to which claim.  Under each claim, plaintiff incorporates by reference "all statements anywhere in this complaint as if fully restated here."  (See e.g., id. at 191.)  This practice forces defendants and the court to sift and cull through each and every paragraph and speculate what allegations are relevant to which defendant for a particular claim for relief.  Because plaintiff has failed to connect the named defendants to the specific conduct that forms the basis of their alleged liability, plaintiff has failed to meet the notice pleading standard.

In his opposition to defendant's motion, plaintiff asserts "the claims of a 'shotgun'

pleading appear to have never been ruled a violation of Rule 8 in the 9th Circuit." (ECF No. 21 at 19.)  That is incorrect.  Shotgun pleading has long been disfavored in this circuit.  In Destfino v. Reiswig, the Ninth Circuit affirmed a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear ... that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so).  630 F.3d 952, 958 (9th Cir. 2011).  In Paulsen v. CNF Inc., the court of appeals stated that the practice of "incorporat[ing] each preceding paragraph, regardless of relevancy [has] been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice."  559 F.3d 1061, 1071 (9th Cir. 2009).  See also Bautista v. Los Angeles Cnty., 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint with prejudice where the complaint failed to include short and plain statement of claim of each of the 51 plaintiffs and failed to state each plaintiff's claim in separate count).

Plaintiff justifies the SAC's use of shotgun pleading by comparing it with a lesser alternative: an even lengthier complaint.  (ECF No. 21 at 19, "[i]f [defendants] wish to have an amended complaint detail for each cause of action each fact alleged for such cause of action, they can instead have a complaint that will be closer to 200 pages in length rather than the 65 pages it currently is.")  This statement misses the point.  The problem with the SAC is not its length, or simply the practice of incorporating by reference prior paragraphs.[3]  Rather, the problem is the overwhelming use of disorganized, conclusory, and largely irrelevant assertions in place of clearly stated relevant facts.

The court acknowledges that plaintiff now proceeds pro se.  However, the SAC was prepared and filed by an attorney, who was presumptively being paid to properly advance claims

---

[3] Lengthy complaints may be appropriate where they contain multiple claims and multiple defendants, and incorporating by reference certain paragraphs may be proper to the extent it aids the defendant and the court in understanding the grounds of the claims asserted.  But that is not the situation here.

on plaintiff's behalf.  If an attorney prepares and submits a complaint, it should read as if an attorney wrote it.  The SAC was and does not.

Though the court need not and does not address whether the allegations are sufficient to state any cognizable claim, to move this case forward given the long pendency of this motion to dismiss, the court informs plaintiff of other apparent deficiencies contained in plaintiff's complaint.  See, e.g., Gray v. Johnson, 2014 WL 897014, at *1 (E.D. Cal. March 7, 2014) ("the complaint ... fails to comply with Rule 8 and the Court cannot adequately analyz[e] Plaintiff's claims").

### B.  Additional deficiencies

To state a cause of action for municipal liability under § 1983, plaintiff must allege facts showing (1) a constitutional deprivation; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.  Anderson v. Warner 451 F.3d 1063, 1070 (9th Cir. 2006). Here, plaintiff does not allege facts from which the court can infer a policy or pattern of constitutional violations.

Plaintiff alleges multiple "conspiracy" claims without any factual support.  (See, e.g., ECF No. 16 at 204, "[t]he "safety plan" was a deliberate set-up for failure with the specific intent to find an excuse to take Plaintiff's children into their custody and to have additional arguments to present to the dependency court".)  Conclusory allegations of a conspiracy unsupported by material facts are insufficient to state a claim.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).  "'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'"  See Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted).  There must be a showing "that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." Id.  (internal citation and quotation marks omitted).

Plaintiff alleges <u>Brady</u> violations against defendants. <u>Brady</u> is a criminal procedure issue under which both prosecutors and police investigators disclose exculpatory evidence to criminal defendants. <u>Smith v. Almada</u>, 640 F.3d 931, 939. Here, however, plaintiff's allegations do not involve a criminal proceeding, and therefore <u>Brady</u> does not apply. Instead, he claims exculpatory materials were not disclosed during state dependency court hearings. (ECF No. 16 at 314-315).

    C. Leave to Amend

Leave to amend should be "freely given" absent any declared or apparent reason, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). The court acknowledges that plaintiff has already amended his complaint twice. (ECF Nos. 5, 16.) However, because neither of those amendments were made pursuant to a court order identifying deficiencies in plaintiff's complaint, the court grants plaintiff one final opportunity to amend his complaint. Plaintiff is warned that he will not be granted further opportunities to amend his complaint if further Rule 8 violations occur.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss, ECF No. 19, is granted;
2. Defendant's Second Amended Complaint, ECF No. 16, is dismissed; and
3. Plaintiff shall file a third amended complaint within thirty days.

Dated: September 26, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gian.0581