UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GIANNINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-00581-KJN<br><br>ORDER |

On September 26, 2023, the court granted defendant's motion to dismiss and granted plaintiff leave to file a third amended complaint.[1]  (ECF No. 60.)  Plaintiff was given thirty days to file a third amended complaint but failed to do so.  (Id.)  On November 3, 2023, the court issued an order to show cause directing plaintiff to show cause in writing within fourteen days why this action should not be dismissed with prejudice based on plaintiff's failure to comply with the court's order and failure to prosecute this case.  (ECF No. 61.)  Plaintiff was cautioned that failure to timely comply with the court's order would result in an order dismissing this action with prejudice.

More than fourteen days have passed without a response from plaintiff.  Accordingly, the undersigned dismisses this case with prejudice under Rule 41(b).

---

[1] Upon consent of all parties, this case was referred to the undersigned for all purposes, including entry of final judgment. (ECF Nos. 40, 45, 47.)  See 28 U.S.C. § 636(c).

1

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik, 963 F.2d at 1260. These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also

favors dismissal.  Defendant already litigated its motion to dismiss and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness.  Further, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

As for the fourth factor, sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992).  The court in its September 26, 2023 order granted plaintiff ample time to file a third amended complaint and advised plaintiff that this action would be subject to dismissal if plaintiff failed to file a third amended complaint.  (ECF No. 60.)  When plaintiff failed to file a third amended complaint, the court granted plaintiff an additional fourteen days to show cause why this case should not be dismissed for failure to prosecute. (ECF No. 61.)  All to no avail.  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

As to the fifth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court is directed to close this case.

Dated:  November 28, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gian.0581